# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| APOTHECARY ARTS PHARMACY INC.<br>d/b/a AURORA COMMUNITY PHARMACY<br>1411 S. Potomac # 190<br>Aurora, Colorado, and<br><br>CITY VIEW PHARMACY<br>1774 W. 92nd Avenue<br>Federal Heights, Colorado,<br><br>               Plaintiffs,<br><br>         v.<br><br>ALBERTO R. GONZALES,<br>Attorney General of the United States,<br>United States Department of Justice<br>950 Pennsylvania Avenue, N.W.<br>Washington, DC 20530<br>in his official capacity as Attorney General, and<br><br>KAREN P. TANDY,<br>Administrator,<br>Drug Enforcement Administration<br>2401 Jefferson Davis Highway<br>Alexandria, VA 22301<br>in her official capacity as Administrator, and<br><br>DRUG ENFORCEMENT ADMINISTRATION<br>2401 Jefferson Davis Highway<br>Alexandria, VA 22301,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIV. NO. _____ |

## COMPLAINT

Plaintiffs Apothecary Arts Pharmacy Inc. d/b/a Aurora Community Pharmacy ("Aurora")

and City View Pharmacy ("City View") (collectively "Plaintiffs"), by their undersigned counsel,

for their complaint against Alberto R. Gonzales, Karen P. Tandy and the Drug Enforcement Administration ("DEA") allege as follows:

## NATURE OF THE CASE

1.      This is an action for declaratory and injunctive relief seeking to dissolve the suspensions of Plaintiffs' DEA Certificates of Registration (each a "Registration" and collectively "Registrations") because those suspensions were implemented, and continue in force, in violation of Plaintiffs' due process rights to notice and a prompt post-suspension hearing.

2.      Plaintiffs Aurora and City View are retail pharmacies located in the Denver, Colorado area.  As part of their business, each is registered with the DEA to dispense prescription drug controlled substances to their customers.  On or about September 21, 2005, each pharmacy was served, without prior notice, with an Order to Show Cause and Immediate Suspension of Registration.  Upon serving the Show Cause Order, DEA seized each pharmacy's inventory of controlled substances.   Since that time, Plaintiffs have not been allowed to dispense controlled substances and each has suffered irreparable harm from the resulting loss of business and professional reputation.

3.      The statute under which Plaintiffs' Registrations were immediately suspended provides no process for an expedited review of that decision and thus violates Plaintiffs' due process rights.

4.      In practice, DEA does not provide for an expedited review of the suspension.  To the contrary, Plaintiffs are required to litigate the Show Cause Order, a process that likely will take over 20 months from the date of the immediate suspension during which time the immediate suspension remains in force.  This process violates Plaintiffs' due process rights.

2

## THE PARTIES

5.    Plaintiff Apothecary Arts Pharmacy Inc. d/b/a Aurora Community Pharmacy operates a retail pharmacy located at 1411 S. Potomac #190, Aurora, Colorado.  Aurora is owned by Robin Hyman, a registered pharmacist.  Ms. Hyman is the pharmacy manager.

6.    Plaintiff City View operates a retail pharmacy located at 1774 W. 92nd Avenue, Federal Heights, Colorado.  City View is owned by Sue Longo, a registered pharmacist.

7.    Defendant Alberto R. Gonzales is Attorney General of the United States and the head of the United States Department of Justice ("DOJ").  His office is located at 950 Pennsylvania Avenue, N.W., Washington, DC.  Attorney General Gonzales is responsible for supervising the activities of DOJ, of which the Drug Enforcement Administration is a part.  He is being sued in his official capacity.

8.    Defendant Karen P. Tandy is Administrator of the Drug Enforcement Administration and has offices at 2401 Jefferson Davis Highway, Alexandria, VA 22301.  Administrator Tandy is responsible for supervising the activities of the DEA.  She is being sued in her official capacity.

9.    Defendant Drug Enforcement Administration is an agency within the United States Department of Justice.  The DEA has offices at 2401 Jefferson Davis Highway, Alexandria, VA 22301.

## JURISDICTION AND VENUE

10.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331; the Controlled Substances Act ("CSA"), 21 U.S.C. § 801 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706.

11.     The Court has authority to grant declaratory and injunctive relief pursuant to 28

U.S.C. §§ 2201 and 2202 and 5 U.S.C. §§ 701-706.

12.     This Court has authority to dissolve the suspensions of Plaintiffs' Registrations

pursuant to 21 U.S.C. § 824(d).

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e).

## STATUTORY BACKGROUND

14.     Under the CSA, a pharmacy must be registered with DEA in order to obtain,

possess and dispense prescription drug controlled substances. 21 U.S.C. § 822(a)(2).

15.     The authority to register pharmacies rests with the Attorney General who has

delegated it to the Administrator of DEA.  21 U.S.C. § 823(f); 21 C.F.R. § 1301.11 (registration);

28 C.F.R. § 0.100 (delegation of authority).

16.     The Attorney General shall register a pharmacy to dispense controlled substances

if the applicant is authorized to dispense controlled substances under the laws of the State in

which it is located unless he determines that such a registration is not in the public interest.  21

U.S.C. § 823(f).

17.     A pharmacy's registration to dispense controlled substances may be suspended or

revoked by the Attorney General if the pharmacy "has committed such acts as would render his

registration . . . inconsistent with the public interest as determined under 21 U.S.C. § 823" after

notice and a hearing, if requested.  21 U.S.C. § 824(a) & (c).

18.     Under the CSA, the Attorney General may suspend any registration

simultaneously with the institution of proceedings to suspend or revoke it "in cases where he

finds that there is an imminent danger to the public health or safety." 21 U.S.C. § 824(d).  The

statute further provides that "a suspension . . . shall continue in effect until the conclusion of such

4

[revocation] proceedings, including judicial review thereof, unless sooner withdrawn by the Attorney General or dissolved by a court of competent jurisdiction." *Id.*

19.    Initial proceedings related to an Order to Show Cause seeking the revocation of a DEA Certificate of Registration are held before a DEA Administrative Law Judge ("ALJ"), of which there are only two for the entire country. DEA ALJs also conduct proceedings related to the denial by DEA of registrations relating to controlled substances of physicians, pharmacies, distributors and manufacturers; the proposed revocation by DEA of registrations for controlled substances of physicians, pharmacies, distributors and manufacturers; requests for registration to import narcotic raw materials; and proceedings involving registrations for persons manufacturing or selling listed chemicals.

20.    In a Show Cause proceeding, the ALJ generally holds an evidentiary hearing. In all cases, even those where an evidentiary hearing is not held, the ALJ is required to issue a report and recommendation summarizing the evidence before the ALJ and recommending how the Administrator should adjudicate the matter.

21.    Upon the close of an evidentiary hearing, the ALJ generally orders the filing of proposed findings of fact and conclusions of law in about six weeks.

22.    On information and belief, it takes at least three months, and generally longer, for the ALJ to issue a report and recommendation upon the completion of the evidentiary phase of a hearing.

23.    The parties to a proceeding before the ALJ have twenty days, after service of the report and recommendation, to file exceptions to it. 21 C.F.R. § 1316.66.

24.    The ALJ's recommendations are not binding on the Administrator who may accept, reject, or modify them.

25.    On information and belief, it takes approximately nine months or longer for the Administrator, or her designee, to issue a final decision.

## AURORA COMMUNITY PHARMACY

26.    Aurora is a "bricks and mortar" pharmacy located in Aurora, Colorado. Aurora fills prescriptions generally for customers who live in the local community and for customers who consult with physicians in that community.

27.    Aurora holds a retail pharmacy license PDO-70000034 from the State of Colorado. Aurora is authorized under state law to dispense controlled substances.

28.    Aurora was issued DEA Registration number BA9116395. Aurora has a property interest in its Registration and that Registration may not be suspended or revoked without due process.

29.    Aurora has a liberty interest in avoiding the damage to its reputation and business caused by a stigmatizing suspension of its Registration.

30.    In or about May 2005, Aurora began to fill prescriptions for physicians located outside of Colorado that were forwarded to Aurora by an Internet Web site operator. Aurora worked with an Internet site operator that recruited the physicians who issued the prescriptions. Each prescription transmitted to Aurora purported to bear the electronic signature of the prescribing physician who, according to the Web site operator, was properly licensed and registered with DEA. Drugs dispensed pursuant to these prescriptions were shipped by FedEx delivery requiring signature and identification of the patient.

31.    Aurora pharmacy was inspected by the DEA on July 13, 2005.

32.    On or about August 16, 2005, DEA provided to Ms. Hyman a copy of its "Guidance" in which it opines that prescriptions issued by physicians based on Internet

6

questionnaires are illegal because, according to the Guidance, no valid physician-patient relationship is established.

33.     Aurora stopped filling prescriptions transmitted to it via the Internet on or about that date.

34.     On or about September 21, 2005, DEA served Aurora with an Order to Show Cause why its Registration should not be revoked along with a notice of Immediate Suspension. At that time, DEA Special Agents and Compliance Investigators seized Aurora's entire stock of controlled substances.

35.     On or about September 21, 2005, DEA issued a press release and otherwise publicized the action it took against Aurora.

CITY VIEW

36.     City View is a "bricks and mortar" pharmacy located in Federal Heights, Colorado. City View generally fills prescriptions for customers who live in the local community and for customers who consult with physicians in that community. City View offers to deliver filled prescriptions to its customers and, on occasion, extends credit to customers.

37.     City View holds retail pharmacy license PH # 119-05 from the State of Colorado. City View is authorized under state law to dispense controlled substances.

38.     City View holds DEA Registration number BC7177694. City View has a property interest in its Registration and that Registration may not be suspended or revoked without due process.

39.     City View has a liberty interest in avoiding the damage to its reputation and business caused by a stigmatizing suspension of its Registration.

40.     In or about late December 2004, City View began to fill prescriptions for
physicians located outside of Colorado that were forwarded to City View by an Internet Web site
operator. City View worked with the Internet site operator that recruited the physicians who
issued the prescriptions. Each prescription transmitted to City View purported to bear the
electronic signature of the prescribing physician who, according to the Web site operator, was
properly licensed and registered with DEA. Drugs dispensed pursuant to these prescriptions
were shipped by FedEx delivery requiring signature and identification of the patient.

41.     During the summer of 2005, City View was inspected by pharmacy inspectors
employed by the State of Colorado. One of the pharmacy inspectors told City View that its
filling of prescriptions issued through Internet sites was legal.

42.     On or about September 21, 2005, DEA served City View with an Order to Show
Cause why its Registration should not be revoked along with a notice of Immediate Suspension.
At that time, DEA Special Agents and Compliance Investigators seized City View's entire stock
of controlled substances.

43.     On or about September 21, 2005, DEA issued a press release and otherwise
publicized the action it took against City View.

### THE HEARINGS ON THE SHOW CAUSE ORDER

44.     The Show Cause Orders served on Plaintiffs notified them that they had 30 days
to file a written request for a hearing. The Show Cause Orders further stated:

> If you request an expedited hearing pursuant to 21 C.F.R. §
> 1301.36(h), such hearing will be held at 600 Army-Navy Drive,
> Arlington, Virginia, thirty (30) days after the date on which your
> written request is received by the Office of Administrative Law
> Judges, Drug Enforcement Administration, Washington, D.C.
> 20537. The date and location may be changed by the
> Administrative Law Judge responsible for the case, after notice and

8

consultation with the parties, and will be fixed as early as is
reasonably possible. (See 21 C.F.R. §§ 1301.36(h), 1301.43(a)).

45.    On October 21, 2005, Plaintiffs filed their requests for expedited hearings with the

Office of Administrative Law Judges.

46.    On October 25, 2005, ALJ Mary Ellen Bittner issued an Order for Prehearing

Statements in each of the Plaintiffs' cases. Judge Bittner ordered the government to file its

prehearing statement on November 15, 2005 and Plaintiffs to file their prehearing statements on

December 6, 2005. In her Order, Judge Bittner "advised" counsel "that it is not possible to hold

the hearing in this matter on November 20, 2005, thirty days from the date Respondent's request

for hearing was filed in the Office of Administrative Law Judges. Consequently, the date of the

hearing will be set subsequent to the filing of prehearing statements."

47.    The prehearing statements were filed as ordered.

48.    On January 18, 2006, Judge Bittner consolidated Plaintiffs' cases for hearing

purposes only. Judge Bittner then scheduled the taking of testimony in Denver, Colorado on the

following days: March 21 – 23, April 25 – 27 and May 23 – 25, 2006.

49.    Assuming that the hearing is closed on May 25, 2006, Judge Bittner is likely to

order the filing of proposed findings of fact and conclusions of law on or about the middle of

July 2006.

50.    On information and belief, Judge Bittner is likely to take three months or longer

to issue her report and recommendation after the filing of the proposed findings of fact and

conclusions of law.

51.    Judge Bittner will wait at least 20 days from the issuance of her report and

recommendations for the filing of exceptions before certifying the record to the DEA

Administrator.

52.     On information and belief, the Administrator is likely to take six months or more to issue her final decision on the Show Cause Orders after the record is certified to her.

### FIRST CLAIM FOR RELIEF

53.     Plaintiffs incorporate the averments of Paragraphs 1 through 52 of the Complaint as if fully set forth herein.

54.     Plaintiffs are entitled to a prompt, post-suspension hearing pursuant to the due process clause of the Fifth Amendment to the Constitution of the United States.

55.     The Controlled Substances Act does not provide for a prompt post-suspension hearing after the immediate suspension of a Registration and therefore is unconstitutional.

### SECOND CLAIM FOR RELIEF

56.     Plaintiffs incorporate the averments of Paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57.     DEA's procedures do not provide for a prompt post-suspension hearing on the immediate suspension of Plaintiffs' Registrations and therefore violate Plaintiffs' due process rights.

### THIRD CLAIM FOR RELIEF

58.     Plaintiffs incorporate the averments of Paragraphs 1 through 57 of the Complaint as if fully set forth herein.

59.     On or about October 2, 2005, Colorado State Pharmacy Board Amended Rule 3.00.21 went into effect. The amended rule prohibits the filling of prescriptions issued solely upon the patient's completion of an Internet questionnaire.

60.     Because of the effect of the amended rule and for other reasons, there is no basis

for a continued finding that Plaintiffs' registration represents an immediate danger to the public

health or safety and therefore the suspension should be dissolved.

### RELIEF REQUESTED

WHEREFORE, Plaintiffs Aurora and City View demand judgment against Defendants

Alberto R. Gonzales, Karen P. Tandy and the Drug Enforcement Administration as follows:

61.     DECLARING that the authority granted to DEA to immediately suspend a

registration under 21 U.S.C. § 8242(d) violates Plaintiffs' constitutional right to due process

because there is no requirement or provision for an expedited hearing and review of that

decision;

62.     DECLARING that the procedures followed by DEA in reviewing an immediate

suspension violate Plaintiffs' constitutional rights to due process;

63.     PRELIMINARILY AND PERMANENTLY ENJOINING Defendants from

suspending Plaintiffs' Registrations;

64.     ORDER that the suspensions are dissolved; and,

11

65.     GRANTING such other and further relief as the Court deems just and proper

including an award of attorneys' fees and costs.


Respectfully submitted,


Douglas J. Behr (D.C. Bar No. 163998)
behr@khlaw.com
KELLER AND HECKMAN LLP
1001 G Street, N.W.
Washington, DC 20036
Tel: (202) 434-4100
Fax: (202) 434-4646

Attorneys for Plaintiffs Apothecary Arts Pharmacy
Inc. and City View Pharmacy