**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ──────────────────────────── | ) |
| **APOTHECARY ARTS PHARMACY,** | ) |
| **INC., d/b/a AURORA COMMUNITY** | ) |
| **PHARMACY,** *et al.*, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | )    **Civil No. 06-119 (RCL)** |
| **v.** | ) |
| | ) |
| **ALBERTO R. GONZALES,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |
| ──────────────────────────── | ) |

**ORDER AND FINDINGS OF LAW AND FACT**

Upon consideration of the Motion [2] of Plaintiffs Apothecary Arts Pharmacy, Inc., d/b/a

Aurora Community Pharmacy, and City View Pharmacy (each a "Plaintiff" and collectively

"Plaintiffs") for a Preliminary Injunction and the Declarations, Exhibits, and Memorandum of

Law in support thereof, the response and reply thereto and oral argument held on this date, this

Court makes the following findings of fact and conclusions of law, in addition to those stated in

open court at the conclusion of the hearing:

1.   Plaintiffs are likely to prevail on the claim that their due process rights have been

     violated.  The Controlled Substances Act (CSA) and the Drug Enforcement

     Agency's (DEA) regulations implementing the statute are constitutionally

     deficient because they fail to assure the prompt post-suspension hearing required

     by due process.  Therefore, the immediate suspension of Plaintiffs' Registrations

     was constitutionally infirm under the Due Process Clause of the Fifth

     Amendment.

2.      The suspension of Plaintiffs' Registrations is causing irreparable harm to Plaintiffs. Plaintiffs have lost sales that cannot be recovered. Plaintiffs' reputations have also been damaged on account of the stigma associated with the suspensions.

3.      The harm that may be suffered by other parties if an injunction is granted is greatly outweighed by the irreparable harm to be suffered by Plaintiffs. DEA can suffer no cognizable harm as a result of an injunction imposed on account of its violation of due process.

4.      The strong public interest is served with the granting of this motion. The public will be benefitted if Plaintiffs are allowed to provide the services they have provided by dispensing controlled substances, consistent with the new Colorado law. Whereas the DEA has claimed a public interest associated with suspending Plaintiffs' Registrations, the public interest is served by requiring an agency to act lawfully. Other government agencies and other persons who manufacture, distribute, dispense, import or export controlled substances subject to the CSA and applicable DEA regulations will benefit if the DEA is required to conduct its business in a fair and unbiased manner in accordance with the constitution.

It is therefore

ORDERED that Plaintiffs' Motion [2] for a Preliminary Injunction is GRANTED; it is further

ORDERED that Alberto R. Gonzales, Karen P. Tandy and DEA and its employees, representatives, and agents shall dissolve the suspension of Plaintiffs' DEA Certificates of

2

Registration BA9116395 and BC7177694 (collectively "Registrations") to dispense controlled substances and promptly return Plaintiffs' Certificates to them.

SO ORDERED.

Signed by Royce C. Lamberth, United States District Judge, 3:40 p.m., February 3, 2006.